Filed 9/14/23  San Diego County Health and Human Services Agency v. Nikita A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Petitioner and Respondent,<br><br>v.<br><br>NIKITA A.,<br><br>Defendant and Appellant. | D081790<br><br><br>(Super. Ct. No. HC26155) |


APPEAL from a judgment of the Superior Court of San Diego County, Laura J. Birkmeyer, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Anjana Pottathil, Deputy County Counsel, for Petitioner and Respondent.

Nikita A. suffers from bipolar I disorder with manic history and methamphetamine abuse.  After Nikita was taken into custody under a Welfare and Institutions Code section 5150 hold, the trial court ordered him to undergo up to 180 days of involuntary post-certification treatment under section 5300, subdivision (a)(2).

Before issuing the order, the court heard testimony from Nikita's treating psychiatrist, Graham Scanlon, and special agent Kevin Shead, who had been investigating suspicious activity reports for Nikita. The evidence included, among other things, social media posts in which Nikita expressed his desire to date a "17-year-old bitch in high school" and "kidnap[ ]" a high school girl, which he acknowledged was "a bad idea." Nikita did not, however, limit himself to these musings. He also visited a local high school and posted a sign seeking a 17-year-old girl to date. At the close of evidence, the trial court found that San Diego County Health and Human Services Agency (County) had proved beyond a reasonable doubt the elements required under section 5300, subdivision (a)(2), including that Nikita "attempted to inflict physical harm upon a person of another."

On appeal, Nikita challenges the sufficiency of the evidence that he attempted to physically harm another person. He asserts that his social media posts and actions at the high school do not reflect an intent to physically harm anyone. Viewing the record in the light most favorable to the judgment and accepting all reasonable inferences that the court might have drawn, as we must, we disagree. We conclude that substantial evidence supports the trial court's finding, and thus affirm the judgment.

I.

A.

A psychiatrist diagnosed Nikita with bipolar I disorder with manic history and methamphetamine abuse. From about December 2022 until he was taken into custody in mid-February 2023, Nikita used methamphetamine every day.

On February 5, 2023, Nikita was arrested for a domestic violence incident involving his ex-girlfriend.

Around February 14, 2023, Nikita voiced his desire to find a minor to date on Facebook.  In one post, he wrote:

> I should find a 17-year-old bitch in high school to date because maybe her fuckin [sic] stupid mind wouldn't be as corrupted as everyone else's is and she will listen to me when I speak words to her and respond with her own words spoken at me, but it seems like to [sic] much work to go out and find one because I don't know any and I don't want to spend more than 5 seconds looking for one[.]

In another post, he shared his thought about "kidnapping" a high school student, though he observed that it was "a bad idea":

> Yesterday I posted two signs on my local high school to hopefully find a date.  Women that are older than 20 years old have some weird type of retardation, probably as a result of watching too much television and movies, so I don't want to date them.  I need a younger woman.
>
> I was thinking about kidnapping some woman from high school (a student) and taking her to wherever I go, but that's a bad idea because that doesn't make any sense.

These posts were not idle musings.  As indicated on Facebook, Nikita went to a local high school and placed a sign about how he, a 33-year-old man, sought a 17-year-old girl "for a potential relationship."  He also posted to Facebook a photo of a car parked outside a high school with a caption asking why no one was there.  The assistant principal saw a vehicle with a license plate known to belong to Nikita.

Nikita's actions at the high school and his social media posts came to special agent Shead's attention as suspicious activity reports.  After investigating, Shead had Nikita contacted for a section 5150 assessment.

Around the same time, Nikita lost his job.  On February 15, 2023, Nikita returned to his former office and was "difficult with security."  The

3

police got involved and took Nikita into custody for treatment under a section 5150 hold.

While in treatment, Nikita came under the care of Scanlon, a psychiatrist who diagnosed him with bipolar I disorder with manic history and methamphetamine abuse. The dual diagnosis concerned Scanlon because Nikita "gets very violent" when using methamphetamine.

On March 3, 2023, Scanlon petitioned to continue Nikita's involuntary treatment under section 5300. He and Shead submitted affidavits in support.

### B.

On March 8, 2023, the trial court held a hearing on the section 5300 petition. Scanlon and Shead testified. Scanlon stated that he and Nikita discussed the Facebook posts described above, and Nikita admitted to writing them. Nikita claimed, however, that he was "just kidding" and did not intend to hurt anyone. Scanlon also testified about Nikita's February 5, 2023 arrest for domestic violence involving his ex-girlfriend, which Scanlon believed reflected Nikita's intent to harm another person. Both Scanlon and Shead testified that Nikita still presented a danger of harming others.

The trial court found that the County met its burden to prove all components required to extend Nikita's confinement for treatment under section 5300, subdivision (a)(2). Relevant to this appeal, the trial court found that Nikita "had attempted to inflict physical harm" on someone else. In support, the court cited the "frightening combination" of Nikita's social media posts and his visit to a high school to display the sign to find a girl. Nikita's actions at the school, in the trial court's view, met the definition of "attempt" as used in section 5300. Therefore, the court ordered Nikita to undergo post-certification treatment with a licensed health facility in San Diego for a period not to exceed 180 days.

4

II.

A.

Nikita's period of court-ordered treatment ended on September 4, 2023. Although the appeal is arguably moot, this case raises an issue capable of repetition but likely to evade review. Accordingly, we exercise our discretion to decide this appeal. (*Conservatorship of K.P.* (2021) 11 Cal.5th 695, 705, fn. 3.)

B.

Section 5300, subdivision (a)(2), in relevant part, requires a finding of dangerousness before a person may be confined for further treatment of up to 180 days. (*In re Qawi* (2004) 32 Cal.4th 1, 20.) Specifically, it requires a finding of "recent acts or threats of violence": here, that Nikita attempted to physically harm another person. (*Ibid.*; § 5300, subd. (a)(2).) The party seeking confinement must prove this element beyond a reasonable doubt. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 541.)

Nikita argues that the trial court lacked sufficient evidence to support this dangerousness finding. Our scope of review for this type of challenge "begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the judgment." (*Quintanilla v. Dunkelman* (2005) 133 Cal.App.4th 95, 114.) We review the whole record in the light most favorable to the judgment. (*Conservatorship of S.A.* (2020) 57 Cal.App.5th 48, 54.) We accept logical inferences that the factfinder might have drawn from the evidence, even if we would have concluded otherwise. (*People v. Shamblin* (2015) 236 Cal.App.4th 1, 10.) Thus, to succeed, the appellant must establish that no rational factfinder could have reached the same conclusion as the trial court. (*Id.* at p. 9.)

Here, Nikita asserts that the evidence does not support a finding that he attempted to inflict physical harm on someone else because, in his view, no evidence shows that he intended to commit a violent act. We disagree.

Based on our review of the record, the trial court could infer from the evidence presented that Nikita attempted to inflict physical harm on another person. First, Nikita's recent arrest for domestic violence involving his ex-girlfriend could foretell how he might treat any future romantic partner. Second, after assaulting his ex-girlfriend, Nikita focused on "find[ing] a 17-year-old bitch in high school to date[.]" Third, Nikita posted about kidnapping a high school student and "taking her to wherever I go." Under Penal Code section 207, a person that "forcibly" takes, holds, or detains another person and "carries the person" into another location is guilty of kidnapping. Similarly, the term "kidnap" means "to seize and detain or carry away by unlawful force or fraud." (Merriam-Webster Dict. Online (2023) <https://merriam-webster.com/dictionary/kidnap> [as of Sep. 14, 2023].) The trial court logically could infer that Nikita's kidnapping of a high school girl would involve physical harm.

Nikita argues that neither the "concerning thoughts" nor "socially questionable behavior" of an adult wanting to date a minor can justify involuntarily commitment under this statute. He tries to downplay his kidnapping post as a "musing" that he immediately disregarded as a "bad idea." Viewing the evidence in the light most favorable to the judgment (*Conservatorship of S.A.*, *supra*, 57 Cal.App.5th at p. 54.), however, the trial court reasonably could find that Nikita visited a high school to kidnap a 17-year-old girl. As a result, we conclude that substantial evidence supported the trial court's finding that Nikita attempted to inflict physical harm on another person within the meaning of section 5300.

6

### III.

We affirm the judgment.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.